**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**KEN HURT, individually, and in his capacity
as DEMOCRATIC NOMINEE FOR
CONGRESS FOR THE FIRST CONGRESSIONAL
DISTRICT OF MISSISSIPPI**                                    **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 1:06-cv-241-M-D**

**ROGER WICKER, individually and in his capacity
as REPUBLICAN NOMINEE FOR
CONGRESS FOR THE FIRST CONGRESSIONAL
DISTRICT OF MISSISSIPPI**                                      **DEFENDANT**

_____

**ORDER**
_____

Plaintiff Ken Hurt, Democratic Nominee for Congress for the First Congressional District of Mississippi, has filed the instant action *pro se* seeking to enjoin his opponent, Congressman Roger Wicker, from running for re-election this November. In his complaint, plaintiff alleges that defendant has breached the "Contract With America" and should accordingly be barred from running based upon the doctrine of promissory estoppel. Defendant has presently moved for dismissal under Fed. R. Civ. P. 12, arguing that plaintiff's complaint was filed to "create publicity" and should be dismissed pursuant to the "political question doctrine." Plaintiff has not responded to the motion to dismiss, but the court is cognizant of the fact that, under Fifth Circuit precedent, it may not simply grant a dismissal as unopposed absent a "clear record of delay or contumacious conduct." *Johnson v. Pettiford,* 442 F.3d 917 (5th Cir. 2006). Finding no such clear record of delay, it is therefore necessary for the court to examine the merits of plaintiff's claims rather than simply grant

1

defendant's motion as unopposed.[1]

This action is barred by the political question doctrine. A controversy is nonjusticiable- i.e., involves a political question-where there is "a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it." *Baker v. Carr*, 369 U.S. 186, 217, 82 S.Ct. 691, 710, 7 L.Ed.2d 663 (1962). In this case, I think this means: if folks can vote on it, stay out of it.

The complaint in this case asserts a breach of contract action based upon 1) an alleged breach of a campaign promise and 2) defendant's policy decision to stand for re-election. Neither involves a justiciable matter.

The issue of whether defendant has earned the right to stand for re-election as the Republican nominee for Congress in his district is a non-justiciable political matter which plaintiff improperly attempts to convert into a breach of contract action. Likewise, a Congressman's decision whether to stand for re-election is also a political matter not subject to review by the judiciary under any circumstances remotely presented by the facts alleged in this complaint.

It is therefore ordered that defendant's motion to dismiss is granted.

A separate judgment will be issued this date in accordance with Fed. R. Civ. P. 58.

So ordered, this the 22nd day of September, 2006.

/s/ Michael P. Mills
U.S. DISTRICT COURT JUDGE

---

[1] The court finds that it has jurisdiction over this matter, pursuant to 28 U.S.C. § 1442(a)(1) and/or 1442(a)(4). *See Williams v. Brooks,* 945 F.2d 1322, 1325 (5th Cir. 1991).